IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Cynthia De Bow, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 6472 |
| Trustmark Recovery Services, Inc., an Indiana corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Cynthia De Bow, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts here.

## PARTIES

3. Plaintiff, Cynthia De Bow ("De Bow"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Oak Lawn Radiology.

4. Defendant, Trustmark Recovery Services, Inc. ("Trustmark"), is an Indiana corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Trustmark was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Trustmark is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Trustmark conducts business in Illinois.

## FACTUAL ALLEGATIONS

6. On April 27, 2010, Ms. De Bow filed a Chapter 7 bankruptcy petition in a matter styled In re: De Bow, N.D. Ill. Bankr. No. 10-18828. Among the debts listed on Schedule F of Ms. De Bow's bankruptcy petition was a debt she allegedly owed to Oak Lawn Radiology, see, excerpt of bankruptcy petition attached as Exhibit B.

7. On April 30, 2010, Oak Lawn Radiology was sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit C.

8. Nonetheless, Defendant Trustmark sent Ms. De Bow a collection letter dated August 2, 2010, demanding payment of a debt she had owed to Oak Lawn Radiology prior to the bankruptcy. Moreover, in this collection letter Defendant Trustmark failed to advise Ms. De Bow that it was a debt collector and failed to provide Ms. De Bow with the statutorily-required 30-day validation notice, see, 15 U.S.C. § 1692e(11) and 1692g. A copy of this collection letter is attached as Exhibit D.

9. Thereafter, Defendant Trustmark sent Ms. De Bow another collection letter, dated August 31, 2010, demanding payment of another debt that she had owed

Oak Lawn Radiology prior to her bankruptcy.  A copy of this letter is attached as Exhibit E.  This August 31, 2010 letter listed the $53.59 debt as having a "Case#: 102131770".

10. All of Defendant Trustmark's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g – Failure To Provide**
**The 30-Day Validation Notice**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692g of the FDCPA requires that, within 5 days of debt collector's first communication to a consumer, the collector must provide the consumer with a validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it, etc.

14. Defendant Trustmark's first communication to Ms. De Bow was its August 2, 2010 collection letter (Exhibit D), and that letter failed to provide Ms. De Bow with the 30-day validation notice; nor was a validation notice provided within 5 days of that letter. Defendant Trustmark's form collection letter thus violates § 1692g of the FDCPA.

15. Defendant Trustmark's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e(11) – Failure To Provide
### The Mini-Miranda Notice

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692e(11) of the FDCPA requires that a debt collector's initial written communication with a consumer advise the consumer that the collector is attempting to collect a debt and that any information obtained will be used for that purpose, see, 15 U.S.C. § 1692e(11). This is frequently referred to as the FDCPA's "Mini-Miranda" notice.

18. Defendant Trustmark's first communication to Ms. De Bow was its August 2, 2010 collection letter (Exhibit D); however, Defendant's letter failed to include the statutorily-required Mini-Miranda notice. Thus, Defendant Trustmark's form collection letter violates § 1692e(11) of the FDCPA.

19. Defendant Trustmark's violation of § 1692e(11) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e Of The FDCPA --
### False Statements

20 Plaintiff adopts and realleges ¶¶ 1-11.

21. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

4

22. Demanding payment of debts that are no longer owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

23. Moreover, claiming that there is a "Case #: 102131770" as to the $53.59 debt listed in the second letter (Exhibit E), when, in fact, no lawsuit has been filed and there is no such case number, is a false representation of the legal status of the debt, in further violation of § 1692e of the FDCPA.

24. Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692c(a)(2) Of The FDCPA –**
**Communicating With A Consumer Represented By Counsel**

25. Plaintiff adopts and realleges ¶¶ 1-11.

26. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

27. Defendant knew, or readily could have known, through Plaintiff's bankruptcy, that Ms. De Bow was represented by an attorney in connection with the debts at issue. By directly sending Ms. De Bow the August 2, 2010 and August 31, 2010 collection letters (Exhibits D and E), Defendant violated § 1692c(a)(2) of the FDCPA.

28. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT V
### Violation Of § 1692e Of The FDCPA -- Collecting Debts When Not Licensed As A Collection Agency

29. Plaintiff adopts and realleges ¶¶ 1-11.

30. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the threat to take any actions that cannot be legally taken, see, 15 U.S.C. § 1692e(5).

31. The Illinois Collection Agency Act, 225 ILCS § 425/1 et seq., requires that a business which collects delinquent consumer debts in Illinois be licensed as a collection agency, see, 225 § ILCS 425/4. Defendant Trustmark was attempting to collect delinquent consumer debts in Illinois, but was not licensed as a collection agency. Thus, Defendant Trustmark's collection actions violated § 1692e(5) of the FDCPA.

32. Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Cynthia De Bow, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff De Bow, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Cynthia De Bow, demands trial by jury.

    Cynthia De Bow,

    By:/s/ David J. Philipps_____
    One of Plaintiff's Attorneys

Dated: October 8, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com